## SUPREME COURT.

### PLUMMER agt. PLUMMER.

It is not a sufficient compliance with § 383 of the Code, authorizing judgments to be taken by confession, to describe a promissory note, without setting out the consideration of the note.

*Chenango Special Term, August* 1852. This was a motion made at Cortland special term in July 1852, by Moses Sousa and others, junior judgment creditors of William H. Plummer, to set aside an older judgment confessed by Wm. H. Plummer to Sarah R. Plummer.

JEROME ROWE, *for Motion.*

WILLIAM MARSH, *Contra.*

MASON, Justice.—The plaintiff in this suit has not complied with the requirements of § 383 of the Code, in entering his judgment. The object of this section was to prevent abuse and fraud in the confession of judgments. This section was adopted by the legislature precisely as reported by the code commissioners; and they state in their report that it is deemed expedient in order to prevent abuse, to require a statement of the true grounds and consideration of the judgment to be made and sworn to, and to have this a part of the judgment roll, so that its purpose and intent can not be denied or concealed. They add, not only are judgments by confession perverted to fraudulent ends under the existing laws, but the form of confessing the judgment is an idle ceremony (see *Report of Commissioners, page* 237). Such being the object and design of the statute, and it being for the protection of the creditors of the judgment debtor, its requirements must be complied with, or it will be deemed fraudulent as regards other judgment creditors, and as to their judgments will be set aside (Lawless vs. Hackett, 16 *J. R.* 149; Brinkerhoof vs. Marvin, 5 *Johns. Ch. R.* 320, 325 and 326).

That the statement in this case is not such an one as the statute under consideration contemplates, needs no argument to prove. The statute provides that if the judgment confessed be for money due, or to become due, the statement in writing must

Plummer agt. Plummer.

state concisely the facts out of which it arose, and must show that the sum confessed therefor is justly due or to become due, &c. (*Code*, § 383). The statement in the case under consideration is as follows: " This confession is for a debt justly due to the plaintiff arising upon the following facts; a promissory note payable to the plaintiff for the sum of $250, dated on or about the 14th day of January 1850, and payable one year after date, with interest." This is not a statement of the facts out of which the plaintiff's debt arose. It shows nothing of the consideration of this judgment except that it was confessed upon a promissory note given by the defendant to the plaintiff. Now, unless this note was given for some valid consideration the plaintiff's judgment is fraudulent as to creditors, and one of the most material facts to be stated, therefore, is the consideration of the note. The statute would subserve none of the useful purposes contemplated by its framers, if we allow such a statement to answer its requirements. The fraudulent debtor would only have to concoct a note without consideration, and then state, as the defendant in this case has done, that the facts out of which the plaintiff's debt arose, is the note, and he has literally evaded the statute. This statute should receive a liberal construction, such an one as will give to it the effect designed by its framers. But the language of the statute is too plain to admit of any reasonable doubt as to its construction. It can not be doubted, I think, that when the legislature required the defendant to state concisely the facts out of which his debt arose, that they intended to require him to state the consideration thereof. This provision of the statute is not merely directory, as was said by GRIDLEY, Justice, in regard to another subdivision of the same section (5 *How. Pr. R.* 381). This provision being for the protection of creditors, and to prevent fraud in the confession of judgments, the omission to make the statement required by the statute must be held to invalidate the judgment (Lawless vs. Hackett, 16 *J. R.* 149). I therefore direct the clerk of Tompkins county to enter an order in this suit declaring the same fraudulent as regards the judgments contained in the moving papers, and as regards those judgments the plaintiff's judgments and execution be set aside with $10 costs of this motion.